20-3348-ag
*Lucero Pina v. Garland*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-three.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

---

JUAN JOSE LUCERO PINA,

> > *Petitioner,*                                          20-3348-ag

> > v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY
GENERAL

> > *Respondent.*

---

| | |
|---|---|
| **FOR PETITIONER:** | Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY. |
| **FOR RESPONDENT:** | Brian M. Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals ("BIA") order is **DISMISSED**.

Petitioner Juan Jose Lucero Pina, a native and citizen of Ecuador, seeks review of a decision by the BIA (1) adopting and affirming the decision of an Immigration Judge ("IJ") to deny cancellation of removal and (2) denying his motion to remand. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA." *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The IJ in Lucero Pina's case denied his application for cancellation of removal because he did not show that his removal would result in "exceptional and extremely unusual hardship" to a qualifying relative, his daughter Wendi. 8 U.S.C. § 1229b(b)(1)(D). The BIA agreed. Our jurisdiction to review the affirmance of a denial of cancellation of removal due to an applicant's failure to satisfy § 1229b's hardship requirement is limited to colorable constitutional claims or questions of law, which we review *de novo*. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40–41 (2d Cir. 2008); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Questions of law may include the application of law to undisputed facts. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1070 (2020). They may also arise where the BIA "totally overlooked" or "seriously mischaracterized" evidence, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), or applied "a legally erroneous standard," *Xiao Ji Chen v. U.S. Dept. of Just.*, 471 F.3d 315, 329 (2d Cir. 2006). They do not, however, extend to factfinding, the weighing of evidence, or the exercise of discretion. *See Patel v. Garland*, 142 S. Ct. 1614, 1623, 1627 (2022); *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010); *Barco-Sandoval*, 516 F.3d at 39. A petitioner cannot "us[e] the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Xiao Ji Chen*, 471 F.3d at 330.

We lack jurisdiction to review the BIA's affirmance of the IJ's decision because Lucero Pina fails to present a colorable constitutional claim or question of law; instead, his challenges amount to quarrels with the agency's factfinding and its weighing of evidence. Lucero Pina argues that the BIA failed to consider the hardship evidence in the aggregate. He also contends that the BIA failed to afford adequate weight to the dangerous conditions in Ecuador and the racial persecution Lucero Pina and Wendi would be subject to as people of indigenous heritage. These arguments are, in essence, ones that the BIA improperly weighed the evidence and thus insufficient to establish jurisdiction.

Lucero Pina further asserts that the BIA overlooked several hardship factors: (a) that Wendi, aged fifteen at the time of the IJ's decision, would have difficulty adapting to life in Ecuador because

she did not speak Spanish fluently and was unfamiliar with Ecuadorian culture; and (b) how the financial hardship Lucero Pina would experience would affect his ability to care for his daughter's special dietary needs (unfried food) and medical supplies (a prescription medication for gastrointestinal problems and a nonprescription eczema cream). The record reveals that the BIA did not "totally overlook" these factors. *Mendez*, 566 F.3d at 323. The BIA acknowledged that Wendi would "suffer some difficulties in having to relocate to a new environment and culture" and that she would face "economic difficulty" in Ecuador because of her father's removal. Ct. Administrative R. 4. Nonetheless, it concluded that Lucero Pina did not meet the standard necessary to succeed on a claim based on Wendi's health. "[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," which here it does not. *Xiao Ji Chen*, 471 F.3d at 336 n.17. Without jurisdiction to review the BIA's decision, we must dismiss Lucero Pina's petition.

The limitations on our jurisdiction to review the affirmance of a denial of cancellation also apply to denials of motions to remand based on new evidence in support of an application for cancellation. *See Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005). Here again, we lack jurisdiction to review the BIA's denial of Lucero Pina's remand motion absent a colorable constitutional claim or question of law.

Lucero Pina argues that, in denying his remand motion, the BIA did not adequately consider how care and expenditures associated with his wife's medical needs—follow-up treatment for a sarcoma removed from her thigh—would affect Wendi. But there is no indication that the BIA "totally overlooked" or "seriously mischaracterized" any evidence relevant to the impact of his wife's condition or the financial strain of removal on their family. The BIA applied the proper standard to the motion to remand: it concluded that Lucero Pina had not met his "heavy burden" given that the proffered evidence would not establish his *prima facia* eligibility for relief or affect the outcome of his case. *See In re L-O-G-*, 21 I. & N. Dec. 413, 419 (B.I.A. 1996). In contending that his wife's medical condition warranted remand, Lucero Pina alleges that the BIA weighed the evidence incorrectly. Accordingly, he has failed to raise a constitutional claim or question of law that would permit this Court to assert jurisdiction over the BIA's order denying his motion to remand.

## CONCLUSION

We have reviewed all of the arguments raised by Petitioner on appeal and found them to be without merit. For the foregoing reasons, we **DISMISS** the petition for review for lack of jurisdiction. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court